INGRAM, Presiding Judge.
The parties were divorced by a decree dated February 9, 1989. This decree was by answer and waiver and incorporated the parties’ agreement, which awarded custody of the parties’ minor child to the father. On February 27, 1989, the mother filed a motion to set aside the divorce decree, contending that she was to actually have custody of the minor child, even though she had signed an agreement to the contrary.
After an ore tenus proceeding, the trial court denied the mother’s motion to set aside the divorce decree. The mother now appeals to this court.
The dispositive issue on appeal is whether the trial court erred in denying the mother’s Rule 59(e), Alabama Rules of Civil Procedure, motion to set aside the divorce decree.
The law is clear that this court will not reverse a trial court for refusing to grant a motion to alter, amend, or vacate a prior judgment pursuant to Rule 59(e), A.R. Civ.P., unless it appears that the trial court committed a manifest abuse of discretion. Brown v. Brown, 518 So.2d 617 (Ala.Civ.App.1987).
Here, the record clearly reveals that the mother voluntarily signed the agreement, which specifically stated that the father would have custody of the minor child. Without any objection, such agreement was incorporated by the trial court into its final decree. However, the record further reveals that, within 30 days from the final divorce decree, the mother moved to set aside the decree. She alleged that the parties had an oral agreement that was contrary to the agreement incorporated into the divorce decree. She contended that she was to actually have custody of the minor child, even though the agreement stated otherwise.
As noted above, a hearing was conducted concerning the mother’s motion to set aside. Clearly, the mother’s contention that the parties had an oral agreement contrary to the written agreement is disputed. Therefore, we cannot say that the trial court erred.
The mother raises several other issues on appeal. However, we pretermit any discussion of these issues, as they were not raised in the trial court. Rule 28, Alabama Rules of Appellate Procedure.
In view of the above, we find no manifest abuse of discretion in the trial court’s denial of the mother’s motion to set aside.
The husband’s request for attorney’s fee for representation on appeal is granted in the amount of $500.00.
AFFIRMED.
ROBERTSON and RUSSELL, JJ„ concur.